UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

WILLIAM SANTANA,

                    Defendant.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**
14-CR-296 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On November 12, 2015, the defendant, William Santana, pleaded guilty to a lesser-included offense of one count of Narcotics Distribution Conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(i), and 841(b)(1)(C). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 48 months of incarceration, 5 years of supervised release, and payment of the $100.00 special assessment.

## BACKGROUND

On May 19, 2014, the United States filed an Indictment against William Santana ("Defendant") and three co-defendants, alleging a conspiracy to distribute heroin within the Eastern District of New York. ECF No. 1. The United States later filed a three-count Superseding Indictment against Defendant and four co-defendants on October 16, 2014. ECF No. 52. The Superseding Indictment charged Defendant with one count of Narcotics Distribution Conspiracy, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B), and one count of Use of a Firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 1-2. Defendant pleaded guilty to a lesser-included offense of Count One of the Superseding Indictment on November 12, 2015. *See* ECF No. 106.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

1

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born on December 2, 1973, in Brooklyn, New York. Presentence Investigation Report ("PSR") ¶ 52, ECF No. 159. He was one of two children born to his parents, who were in a long-term but "secret" relationship, as Defendant's father was married to

another woman throughout their relationship. *Id.* ¶¶ 52-54. Defendant has five half-siblings from his father's marriage and two additional half-siblings from his father's other extramarital relationships. *Id.* ¶ 54. Defendant did not have contact with his half-siblings until he was approximately 14 years old, when his stepmother reached out to him. *Id.*

Defendant was raised primarily by his mother, who suffered from a heroin addiction, in difficult circumstances. *Id.* ¶¶ 52, 55. Until he was approximately eight years old, Defendant lived in the Boriquen Houses, a public housing complex in Bushwick, Brooklyn, in a crowded apartment with his mother, brother, grandparents, and several other relatives, many of whom abused alcohol and/or drugs, particularly heroin. *Id.* ¶ 55. Several of Defendant's family members ultimately died from causes related to alcohol and/or drug abuse, including his mother, who died from a heart attack at the age of 28 in 1982. *Id.* ¶¶ 52, 55. Defendant then continued to live with his grandparents, who also struggled with the consequences of substance abuse. *Id.* ¶¶ 55-56. Specifically, Defendant's grandfather was an alcoholic who was frequently abusive, particularly of Defendant's grandmother. *Id.*

After his mother died, Defendant moved with his grandparents to Guanica, Puerto Rico, where they lived on a property in the countryside that belonged to the grandfather's family. *Id.* ¶ 56. The grandfather's five brothers all lived on the property as well and they, like the grandfather, were all alcoholics. *Id.* Beginning shortly after the family moved to Puerto Rico, one of Defendant's uncles began to sexually abuse him. *Id.* Defendant felt he could not tell anyone of the abuse because he was dependent on his grandfather's family, and because he had

been told to "toughen up" and not show signs of weakness. *Id.* This abuse continued for about one year until Defendant's grandmother decided to move out of the home. *Id.*

For the next several years, Defendant, his brother, a cousin, and his grandmother lived between New York and Puerto Rico, ultimately making a permanent move to Brooklyn when Defendant was fourteen years old. *Id.* At this time, they moved into an apartment in Bushwick with one of Defendant's aunts, her boyfriend, and their children. *Id.* Defendant described the apartment building as being dangerous and "drug infested." *Id.* The aunt's children were later taken away by the Administration for Children's Services, who Defendant says were frequently involved with the family. *Id.*

Sometime after his move to Brooklyn, Defendant began to regularly use marijuana and crack cocaine. *Id.* ¶ 57. Defendant was arrested for the first time in 1991, after which he began a cycle of drug abuse, incarceration, and frequent homelessness that continued through his twenties. *Id.* Defendant's adult criminal convictions include second degree robbery, *id.* ¶ 41, possession of a loaded firearm, *id.* ¶ 42, and sale of a controlled substance, *id.* ¶ 43. Defendant committed the instant offense while on parole. *Id.* ¶ 45.

Defendant is now married and lives with his wife and two of his stepchildren in Queens, New York. *Id.* ¶ 59-62. After his release from prison in 2010, Defendant worked consistently as a laborer and welder, *id.* ¶¶ 73-78, but was unable to maintain his sobriety after being prescribed a narcotic painkiller following a surgery in 2010, *id.* ¶ 68. Defendant's wife also has ties to narcotics trafficking, as she was arrested on May 22, 2012, in Brooklyn, New York, in

possession of 127 grams of heroin. *Id.* ¶ 60. Defendant's wife is now on supervised release and has said that Defendant was not involved in the scheme that led to her own arrest. *Id.* ¶¶ 60-61.

The instant offenses arise out of Defendant's participation in a heroin and firearms trafficking organization that was investigated by a task force consisting of the New York City Police Department, the Organized Crime and Drug Enforcement Strike Force, and the Federal Bureau of Investigation beginning in approximately November 2013. *Id.* ¶ 4. Among other things, Defendant arranged, engaged in, and/or served as an intermediary for several narcotics transactions, *id.* ¶¶ 10-11, 13, 15-16, and purchased two firearms from a co-defendant that he was aware had been exchanged for narcotics, *id.* ¶ 17. Defendant was arrested on May 20, 2014, and is responsible for distributing at least 100 grams of heroin between November 1, 2013, and May 1, 2014. *Id.* ¶ 19. Defendant has been incarcerated since the date of his arrest. *Id.* ¶ 73.

### B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence punishes Defendant for violating federal law and is crafted to deter him and others from engaging in similar criminal activity in the future. The Court takes into

account Defendant's difficult upbringing, behavior while in custody, and need for addiction treatment.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to a lesser-included offense of one count of Narcotics Distribution Conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(i), and 841(b)(1)(C), for which he faces a maximum term of imprisonment of forty years. *See* 21 U.S.C. §§ 846 & 841(b)(1)(B). If a term of imprisonment is imposed, the Court must also impose a term of supervised release of at least four years, *see* 21 U.S.C. § 841(b)(1)(B)(i), unless the Court finds Defendant meets the criteria set forth in 18 U.S.C. § 3553(f), in which case the statutory minimum does not apply. Defendant is statutorily ineligible for probation. *See* 21 U.S.C. § 841(b)(1)(B). Defendant also may be required to pay a maximum fine of $5,000,000.00, *id.*, and must pay the mandatory special assessment of $100.00, 18 U.S.C. § 3013.

### D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2D1.1(a)(5) applies to violations of 21 U.S.C. § 846 and, per Guidelines § 2D1.1(c)(8), sets a base offense level of twenty-four. *See* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(a)(5), (c)(8) (Nov. 2016) ("USSG" or "Guidelines"). Because

Defendant possessed weapons in furtherance of drug distribution, a two-level increase warranted. *Id.* § 2D1.1(b)(1). Defendant's acceptance of responsibility by pleading guilty and his timely notification of his intent to do so permits a reduction of three levels. *Id.* § 3E1.1. Accordingly, Defendant's total adjusted offense level is twenty-three. Defendant has a criminal history score of eight, which results in a criminal history category of four. PSR ¶¶ 38-46.

Given a total offense level of twenty-three and a criminal history category of four, the Guidelines suggest a term of imprisonment of between seventy and eighty-seven months. USSG ch. 5, pt. A. The Guidelines further recommend: (1) a term of supervised release of between four and five years, *id.* § 5D1.2(c), unless the Court finds Defendant meets the criteria set forth in USSG § 5C1.2, in which case the recommended term of supervise release is two to five years, *id.* § 5D1.2(a)(1); (2) a fine of between $10,000.00 and $5,000,000.00, *id.* § 5E1.2(c); and, (3) payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation under the Guidelines. *Id.* § 5B1.1(b)(2).

### E. Pertinent Policy Statement of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). Defendant participated in one drug-related robbery for which he was not charged. PSR ¶ 97. The Court may consider this conduct as a basis for an upward departure per Policy Statement 5K2.21. USSG § 5K2.21.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 48 months of incarceration, 5 years of supervised release, and payment of a $100.00 special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and the Addendum thereto and imposes all of the special conditions of release proposed by the Probation Department, which are as follows:

1. The defendant shall participate in an outpatient drug treatment program approved by the U.S. Probation Department. The defendant shall contribute to the costs of such treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his or her ability to pay. The defendant shall not

consume any alcohol or other intoxicants during and after treatment, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

2. The defendant shall abstain from the consumption of prescription medication classified as opiates, benzodiazepines, stimulants, depressants, sedatives or hypnotics unless the prescribing physician is fully aware of the offender's substance abuse history. The offender shall immediately notify the probation officer prior to filling any of the above listed prescription medications and permit the probation officer to contact any health care professional who prescribes any medication to the offender. The offender shall not purchase any medication via the internet unless such medication is prescribed by a healthcare professional who conducts an examination of the offender in person.

3. For a period of 6 months, the defendant shall comply with a curfew via electronic monitoring as directed by the U.S. Probation Department. The defendant will remain at his or her place of residence from 7 p.m. to 7 a.m. The Probation Department may designate another twelve-hour respective time period, if the defendant's employment, education, or observance of religious services preclude the above specified times. The curfew via electronic monitoring shall commence on a date approved by the Probation Department. During the curfew period, the defendant shall wear an electronic monitoring bracelet or similar tracking device and follow all requirements

and procedures established for the curfew via electronic monitoring by the Probation Department. In addition, the defendant shall pay all costs, including the price of the electronic monitoring equipment, to the degree he is reasonably able. The defendant shall disclose all financial information and documents to the Probation Department to assess his or ability to pay.

4. The defendant shall submit his person, property, house, residence, vehicle, papers computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

**SO ORDERED.**

William F. Kuntz, II
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 4, 2017
Brooklyn, New York